IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS

DOUGLAS REHBEIN and )
KATIE REHBEIN, )
)            Case No. 2:19-cv-02197
Plaintiffs, )
)
v. )
)
GREAT WOLF LODGE OF KANSAS )
CITY, LLC, )
GREAT WOLF KANSAS SPE, LLC, )
GREAT WOLF RESORTS, INC., )
PROSLIDE TECHNOLOGY, INC., and )
JOHN DOES 1 – 10, )
)
Defendants. )

## ANSWER TO PETITION

COMES NOW Defendants Great Wolf Lodge of Kansas City, LLC, Great Wolf Kansas

SPE, LLC and Great Wolf Resorts, Inc., (hereinafter "Defendants Great Wolf") by and through

the undersigned counsel, and for their Answer to Plaintiffs' Petition, state and allege as follows:

## PARTIES

1. Defendants Great Wolf are without sufficient information or knowledge to form a belief as
   to the truth of the allegations contained in paragraph 1 of Plaintiffs' Petition, and therefore
   deny same.

2. Defendants Great Wolf are without sufficient information or knowledge to form a belief as
   to the truth of the allegations contained in paragraph 2 of Plaintiffs' Petition, and therefore
   deny same.

3. Defendants Great Wolf admit the allegations contained in paragraph 3 of Plaintiffs'
   Petition.

4.  Defendants Great Wolf admit the allegations contained in paragraph 4 of Plaintiffs' Petition.

5.  Defendants Great Wolf admit that defendant Great Wolf Resorts, Inc. is a corporation under the laws of Delaware with its principal place of business in Wisconsin.   The remaining portions of this paragraph are legal conclusions and/or statements of law that do not require a response from these Defendants Great Wolf.   To the extent a response is required, Defendants Great Wolf deny these and all other allegations contained in paragraph 5 of Plaintiffs' Petition.

6.  Defendants Great Wolf deny the allegations contained within paragraph 6 of Plaintiffs' Petition.

7.  Paragraph 7 of Plaintiffs' Petition alleges legal conclusions and/or statements of law that do not require a response from these Defendants Great Wolf.   To the extent a response is required, Defendants Great Wolf deny these and all other allegations contained in paragraph 7 of Plaintiffs' Petition.

8.  Paragraph 8 of Plaintiffs' Petition states no facts to which a response is required.   To the extent a response is required, Defendants Great Wolf deny the allegations contained within paragraph 8 of Plaintiffs' Petition.

9.  Paragraph 9 of Plaintiffs' Petition alleges legal conclusions and/or statements of law that do not require a response from these Defendants Great Wolf.   To the extent a response is required, Defendants Great Wolf deny these and all other allegations contained in paragraph 9 of Plaintiffs' Petition.

10. Defendants Great Wolf are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiffs' Petition, and therefore deny same.

11. Defendants Great Wolf are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiffs' Petition, and therefore deny same.

## JURISDICTION AND VENUE

12. Paragraph 12 of Plaintiffs' Petition alleges legal conclusions and/or statements of law that do not require a response from these Defendants Great Wolf.  To the extent a response is required, Defendants Great Wolf deny these and all other allegations contained in paragraph 12 of Plaintiffs' Petition.

13. Paragraph 13 of Plaintiffs' Petition alleges legal conclusions and/or statements of law that do not require a response from these Defendants Great Wolf.  To the extent a response is required, Defendants Great Wolf deny these and all other allegations contained in paragraph 13 of Plaintiffs' Petition.

## AGENCY

14. Paragraph 14 of Plaintiffs' Petition states no facts to which a response is required.  To the extent a response is required, Defendants Great Wolf deny the allegations contained within paragraph 14 of Plaintiffs' Petition.  Furthermore, Paragraph 14 of Plaintiffs' Petition alleges legal conclusions and/or statements of law that do not require a response from these Defendants Great Wolf.  To the extent a response is required, Defendants Great Wolf deny these and all other allegations contained in paragraph 14 of Plaintiffs' Petition.

## ALLEGATIONS COMMON TO ALL COUNTS

15. Defendants Great Wolf admit the allegations contained in paragraph 15 of Plaintiffs' Petition.

16. Defendants Great Wolf are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiffs' Petition, and therefore deny same.

17. Defendants Great Wolf admit the allegations contained in paragraph 17 of Plaintiffs' Petition.

18. Defendants Great Wolf admit the allegations contained in paragraph 18 of Plaintiffs' Petition.

19. Defendants Great Wolf admit the allegations contained in paragraph 19 of Plaintiffs' Petition.

20. Defendants Great Wolf deny the allegations contained within paragraph 20 of Plaintiffs' Petition.

21. Defendants Great Wolf deny the allegations contained within paragraph 21 of Plaintiffs' Petition.

22. Defendants Great Wolf deny the allegations contained within paragraph 22 of Plaintiffs' Petition.

23. Defendants Great Wolf are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiffs' Petition, and therefore deny same.

24. Defendants Great Wolf admit the allegations contained in paragraph 24 of Plaintiffs' Petition.

25. Defendants Great Wolf admit the allegations contained in paragraph 25 of Plaintiffs' Petition.

26. Defendants Great Wolf are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 26 of Plaintiffs' Petition, and therefore deny same.

27. Defendants Great Wolf are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiffs' Petition, and therefore deny same.

28. Defendants Great Wolf are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiffs' Petition, and therefore deny same.

29. Defendants Great Wolf deny the allegations contained within paragraph 29 of Plaintiffs' Petition.

30. Defendants Great Wolf deny the allegations contained within paragraph 30 of Plaintiffs' Petition.

**PLAINTIFFS' INJURIES AND DAMAGES**

31. Defendants Great Wolf deny the allegations contained within paragraph 31 of Plaintiffs' Petition.

32. Paragraph 32 of Plaintiffs' Petition alleges legal conclusions and/or statements of law that do not require a response from these Defendants Great Wolf.  To the extent a response is required, Defendants Great Wolf deny these and all other allegations contained in paragraph 32 of Plaintiffs' Petition.

33. Paragraph 33 of Plaintiffs' Petition alleges legal conclusions and/or statements of law that do not require a response from these Defendants Great Wolf.  To the extent a response is required, Defendants Great Wolf deny these and all other allegations contained in paragraph 33 of Plaintiffs' Petition.

**COUNT 1**
**NEGLIGENCE**
(Plaintiff Douglas Rehbein v. Defendants Great Wolf Lodge)

34. Defendants Great Wolf incorporate by reference their responses to paragraphs 1-33 of Plaintiffs' Petition as if fully set forth herein.

35. Paragraph 35 of Plaintiffs' Petition alleges legal conclusions and/or statements of law that do not require a response from these Defendants Great Wolf.  To the extent a response is required, Defendants Great Wolf deny these and all other allegations contained in paragraph 35 of Plaintiffs' Petition.

36. Defendants Great Wolf deny the allegations contained in paragraph 36 of Plaintiffs' Petition.

37. Defendants Great Wolf deny the allegations contained in paragraph 37 of Plaintiffs' Petition.

38. Defendants Great Wolf deny the allegations contained in paragraph 38 of Plaintiffs' Petition.

39. Defendants Great Wolf deny the allegations contained in paragraph 39 of Plaintiffs' Petition.

40. Defendants Great Wolf deny the allegations contained in paragraph 40 of Plaintiffs' Petition.

41. Defendants Great Wolf deny the allegations contained in paragraph 41 of Plaintiffs' Petition.

WHEREFORE, having fully answered Count 1 of Plaintiffs' Petition in its entirety, Defendants Great Wolf prays to be dismissed from this action and awarded its costs herein incurred and for such other and further relief as the Court deems just and proper under the circumstances.

**COUNT 2**
**PREMISES LIABILITY**
(Plaintiff Douglas Rehbein v. Defendants Great Wolf Lodge)

42. Defendants Great Wolf incorporate by this reference each and every response contained in paragraphs 1 through 41, as if fully set forth herein.

43. Defendants Great Wolf deny the allegations contained in paragraph 43 of Plaintiffs' Petition.

44. Paragraph 44 of Plaintiffs' Petition alleges legal conclusions and/or statements of law that do not require a response from Defendants Great Wolf.  To the extent a response is required, Defendants Great Wolf deny these and all other allegations contained in paragraph 44 of Plaintiffs' Petition.

45. Defendants Great Wolf deny the allegations contained in paragraph 45 of Plaintiffs' Petition.

46. Defendants Great Wolf deny the allegations contained in paragraph 46 of Plaintiffs' Petition.

47. Defendants Great Wolf deny the allegations contained in paragraph 47 of Plaintiffs' Petition.

48. Defendants Great Wolf deny the allegations contained in paragraph 48 of Plaintiffs' Petition.

49. Defendants Great Wolf deny the allegations contained in paragraph 49 of Plaintiffs' Petition.

50. Defendants Great Wolf deny the allegations contained in paragraph 50 of Plaintiffs' Petition.

51. Defendants Great Wolf deny the allegations contained in paragraph 51 of Plaintiffs' Petition.

52. Defendants Great Wolf deny the allegations contained in paragraph 52 of Plaintiffs' Petition.

WHEREFORE, having fully answered Count 2 of Plaintiffs' Petition in its entirety, Defendants Great Wolf prays to be dismissed from this action and awarded its costs herein incurred and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT 3
## RES IPSA LOQUITUR
(Plaintiff Douglas Rehbein v. Defendants Great Wolf Lodge)

53. Defendants Great Wolf incorporate by this reference each and every response contained in paragraphs 1 through 52, as if fully set forth herein.

54. Defendants Great Wolf deny the allegations contained in paragraph 54 of Plaintiffs' Petition.

55. Defendants Great Wolf deny the allegations contained in paragraph 55 of Plaintiffs' Petition.

56. Defendants Great Wolf deny the allegations contained in paragraph 56 of Plaintiffs' Petition.

57. Defendants Great Wolf deny the allegations contained in paragraph 57 of Plaintiffs' Petition.

58. Defendants Great Wolf deny the allegations contained in paragraph 58 of Plaintiffs' Petition.

59. Defendants Great Wolf deny the allegations contained in paragraph 59 of Plaintiffs' Petition.

60. Defendants Great Wolf deny the allegations contained in paragraph 60 of Plaintiffs' Petition.

61. Defendants Great Wolf deny the allegations contained in paragraph 61 of Plaintiffs' Petition.

62. Defendants Great Wolf deny the allegations contained in paragraph 62 of Plaintiffs' Petition.

WHEREFORE, having fully answered Count 3 of Plaintiffs' Petition in its entirety, Defendants Great Wolf prays to be dismissed from this action and awarded its costs herein incurred and for such other and further relief as the Court deems just and proper under the circumstances.

<u>**COUNT 4**</u>
**STRICT PRODUCT LIABILITY**
(Plaintiff Douglas Rehbein v. Defendant ProSlide)

63. Count 4 is not directed at Defendants Great Wolf and response to paragraphs 63-77 is not required.  To the extent a response is required, Defendants Great Wolf deny the allegations contained in paragraphs 63 through 77 of Plaintiffs' Petition, as if fully set forth herein.

WHEREFORE, having fully answered Count 4 of Plaintiffs' Petition in its entirety, Defendants Great Wolf prays to be dismissed from this action and awarded its costs herein incurred and for such other and further relief as the Court deems just and proper under the circumstances.

<u>**COUNT 5**</u>
**NEGLIGENCE**
(Plaintiff Douglas Rehbein v. Defendant ProSlide)

64. Count 5 is not directed at Defendants Great Wolf and response to paragraphs 78-88 is not required.  To the extent a response is required, Defendants Great Wolf deny the allegations contained in paragraphs 78 through 88 of Plaintiffs' Petition, as if fully set forth herein.

WHEREFORE, having fully answered Count 5 of Plaintiffs' Petition in its entirety, Defendants Great Wolf prays to be dismissed from this action and awarded its costs herein incurred and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT 6
## LOSS OF CONSORTIUM
### (Plaintiff Douglas Rehbein and Plaintiff Katie Rehbein v. All Defendants)

65. Defendants Great Wolf incorporate by this reference each and every response contained in paragraphs 1 through 64, as if fully set forth herein.

66. Defendants Great Wolf are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 90 of Plaintiffs' Petition, and therefore deny same.

67. Defendants Great Wolf deny the allegations contained in paragraph 91 of Plaintiffs' Petition.

68. Defendants Great Wolf deny the allegations contained in paragraph 92 of Plaintiffs' Petition.

WHEREFORE, having fully answered Count 6 of Plaintiffs' Petition in its entirety, Defendants Great Wolf prays to be dismissed from this action and awarded its costs herein incurred and for such other and further relief as the Court deems just and proper under the circumstances.

## REMAINING PARAGRAPHS

69. Paragraphs 93 and 94 of Plaintiffs' Petition state no facts to which a response is required.

## AFFIRMATIVE DEFENSES

1.   Plaintiffs' Petition fails to state a claim or cause of action upon which relief can be granted against Defendants Great Wolf and accordingly should be dismissed.

2.      Defendants Great Wolf pray this Court to apportion fault among all parties to this action.

3.      Plaintiffs' alleged damages, which Great Wolf denies, were the result of the actions of third parties over which Defendant Great Wolf has no control, including plaintiffs, and co-

defendant.  Their fault should be compared and allocated in this lawsuit and Defendant Great Wolf's liability should be reduced by any such allocation.

4.      Plaintiffs' conduct directly caused or contributed to cause the damages sought herein, if any, and therefore any recovery should be reduced in direct proportion thereto.

5.      Plaintiffs' claims are barred by laches, estoppel, unclean hands, and waiver, either entirely or in part.

6.      Plaintiffs failed to mitigate their damages, which are denied by Defendants Great Wolf.

7.      Plaintiffs' claims are barred by the alterations, modification, abuse, and/or misuse of the products at issue by persons or entities other than Defendants Great Wolf.

8.      The plaintiffs' claims are barred because the harm to the plaintiffs, if any, was caused by an assumption of risk that was obvious or generally known.

9.      Any medical damages alleged by plaintiff will be restricted by the *Martinez v. Milburn Enterprises, Inc.* decision set forth by the Kansas Supreme Court.

10. The imposition of punitive or aggravated damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the Kansas standards for determining the amount of the award are unduly vague and subjective, and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

11.     The imposition of punitive or aggravated damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because Kansas's post-verdict review procedures for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment.

12.     The imposition of punitive or aggravated damages in this case in the absence of the procedural safeguards afforded to defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

13.     The imposition of punitive or aggravated damages in this case based upon a theory of respondeat superior without proof that an officer, director or managing agent acted with the requisite state of mind would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

14.     The imposition of joint and several liabilities for punitive or aggravated damages in this case would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

15.     The imposition of punitive or aggravated damages in this case would violate the Excessive Fines Clause of the Kansas Constitution.

16.     The imposition of punitive or aggravated damages in this case based upon evidence of wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

17.     The imposition of punitive or aggravated damages in this case in the absence of a showing of malicious intent to cause harm to the Plaintiffs would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

18.     The imposition of punitive damages in this case pursuant to Kansas law to punish for acts that occurred outside of Kansas's jurisdiction would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution.

19.     The imposition of punitive or aggravated damages in this case based on conduct that did not harm Plaintiffs would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution.

20.     The imposition of punitive or aggravated damages in this case based on conduct different to the conduct that allegedly harmed Plaintiffs would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution.

21.     The Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments, the Sixth Amendment and the Eighth Amendment of the United States Constitution and the applicable provisions of the Kansas Constitution are violated because punitive damages constitute penal damages and amount to an unconstitutional criminal and excessive fine or punishment in a civil proceeding.

22.     The Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments and the applicable provisions of the Kansas Constitution are violated because no protection is afforded to the defendants against multiple punitive damages awards to different plaintiffs seeking to impose punitive damages for the same conduct.

23.     The Fifth and Sixth Amendments of the United States Constitution and the applicable provisions of the Kansas Constitution are violated because the defendants cannot exercise all of the constitutional and statutory rights, which must be accorded to a party who is subject to the imposition of a criminal penalty in the form of punitive damages.

24.     The Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the applicable provisions of the Kansas Constitution are violated because the imposition of punitive damages discriminates against the defendants on the basis of

wealth in that greater amounts of punitive damages for the identical conduct may be awarded against some defendants who have more economic wealth than other defendants.

25.     Kansas's procedural and substantive law on punitive damages conflicts with the procedural and substantive standards set forth in <u>Pacific Life Insurance Co. v. Haslip</u>, 499 U.S. 1306, 111 S.Ct. 1032 (1991), <u>BMW of North America, Inc. v. Gore</u>, 116 S.Ct. 1589 (1996) and <u>State Farm Mutual Automobile Insurance Company v. Campbell</u>, 123 S.Ct. 1513 (2003).

26.     The procedural and substantive standards set forth in <u>Pacific Life Insurance Co. v. Haslip</u>, 499 U.S. 1306, 111 S.Ct. 1032 (1991), <u>BMW of North America, Inc. v. Gore</u>, 116 S.Ct. 1589 (1996) and <u>State Farm Mutual Automobile Insurance Company v Campbell</u>, 123 S.Ct. 1513 (2003) and the applicable provisions of the Kansas Constitution are violated because punitive damages can be awarded against the defendants that are disproportionate and have no reasonable relationship to the actual or compensatory damages award, the injury and expenses in connection with which they are awarded, the defendants' conduct, mental state or the degree of reprehensibility of the defendants' conduct and also permits an award of punitive damages that are disproportionate to the civil penalties, if any, authorized or imposed in similar cases.

27.     The procedural and substantive standards set forth in <u>Pacific Life Insurance Co. v. Haslip</u>, 499 U.S. 1306, 111 S.Ct. 1032 (1991), <u>BMW of North America, Inc. v. Gore</u>, 116 S.Ct 1589 (1996) and <u>State Farm Mutual Automobile Insurance Company v. Campbell</u>, 123 S.Ct. 1513 (2003), and the applicable provisions of the Kansas Constitution are violated because there are no adequate and objective procedures and standards or instructions that guide trial and appellate courts concerning the purposes of punitive damages and the reasons for awarding such damages and no adequate standards and procedures to guide the trial and appellate courts in reviewing an excessive award of punitive damages.

28.     Defendants Great Wolf reserves the right to incorporate further affirmative defenses as facts become known through pretrial discovery and preparation.

29.     Defendants Great Wolf asserts every defense, avoidance, or affirmative defense pled by any and all other defendants to this action as if fully set forth herein.

30.     Defendants Great Wolf denies each and every allegation contained in Plaintiffs' Petition not specifically admitted herein.

WHEREFORE, having fully answered Plaintiffs' Petition, Defendants Great Wolf respectfully pray the Court that this matter be dismissed, with prejudice, against plaintiffs, for its costs and expenses incurred herein, and for such other and further relief as this Court deems just and proper.

**DEFENDANTS GREAT WOLF RESPECTFULLY REQUEST
TRIAL BY JURY ON ALL ISSUES**

Respectfully submitted,

FRANKE SCHULTZ & MULLEN, P.C.

*/s/ Derek G. Johannsen*
JOHN G. SCHULTZ          #22871
DEREK G. JOHANNSEN       #22569
DANIELLE M. UZELAC       #26533
8900 Ward Parkway
Kansas City, MO  64114
(816) 421-7100 Phone
(816) 421-7915 Fax
jschultz@fsmlawfirm.com
djohannsen@fsmlawfirm.com
duzelac@fsmlawfirm.com
**Attorney for Defendants Great Wolf
Lodge of Kansas City, LLC, Great Wolf
Kansas SPE, LLC and Great Wolf Resorts, Inc.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing
document was filed via the court's electronic filing
system, and a copy was also sent via email transmission
this 29th day of April, 2019, to:

J'Nan C. Kimak
Humphrey, Farrington & McClain, PC
221 West Lexington, Suite 400
PO Box 900
Independence, MO 64051
(816) 836-5050
(816) 836-8966
jck@hfmlegal.com
**Attorney for Plaintiffs**

Proslide Technology, Inc.
2650 Queensview Drive, Suite 150
Ottawa, Ontario CANADA
**Defendant**

*/s/ Derek G. Johannsen*
**Attorney for Defendants Great Wolf
Lodge of Kansas City, LLC, Great Wolf
Kansas SPE, LLC and Great Wolf Resorts, Inc.**